STATE OF LOUISIANA *v.* THE JUDGE OF THE SECOND DISTRICT COURT
OF NEW ORLEANS.

WIDOW BENJAMIN POYDRAS praying for a Mandamus.

Plaintiff sued out execution against the heirs of *Poydras.* A rule was taken by the relator to set
aside the execution on the ground, that execution could not be granted against a succession be-
longing to minors—accepted by the minors with the benefit of inventory.  The rule was dismissed,
and the District Court refusing a suspensive appeal, a *mandamus* was prayed for .  *By the Court:*
The right of the plaintiff to execute the judgment which he has obtained for a sum of money can
only be suspended upon a petition, affidavit and bond given for injunction.  C. P. 298.

The laws of 1831 and 1833, relative to injunction of execution, afford a direct remedy against the
securities in injunction bonds, which is not accorded in case of appeal bonds.

*Mandamus* refused.

FOR the relator, *Junin.*

BUCHANAN, J.   The State of Louisiana sued the heirs of *Benjamin Poydras*
for a large sum of money, and recovered judgment against them for the same.
On appeal, the judgment was affirmed by this court; and when the decree of
this court was recorded in that of the first instance, the counsel of plaintiff
ordered a writ of *fi. fa.* to issue, which was done accordingly.   Thereupon,
*Louis Junin, Esq.*, of counsel for defendants, took a rule in the name of the
present relator upon the Treasurer of the State, to show cause, on a day named

9  301
49  1648

STATE OF LA.
v.
JUDGE OF SECOND
DISTRICT COURT. in the rule, why the execution should not be set aside, on the ground that the same was issued contrary to law, and should not have been granted against a succession belonging to minors, and accepted by them under the benefit of an inventory only, the law prescribing a different remedy in such cases. No stay of proceedings was ordered pending the rule ; no application was made for an injunction. After issue joined and argument, the rule was dismissed ; and the mover in the rule applied for a suspensive appeal from the judgment dismissing the rule, which was refused by the District Judge.

The relator, upon this state of facts, has applied to this court for a writ of *mandamus* to the District Judge, " requiring him to allow a suspensive appeal in the premises."

The application is inadmissible on the face of the petition. The relator desires to substitute an appeal in the place of an injunction. That cannot be consistently with existing laws. The right of the plaintiff to execute the judgment which he has obtained for a sum of money, can only be suspended upon a petition, affidavit and bond given for injunction. Code of Practice, 304. Amendment of Article 298 of the Code of Practice, Act of 7th April, 1826, section 9. The laws of 1831 and 1833, relative to injunction of executions, afford a direct remedy against the securities in injunction bonds, which is not accorded in the case of appeal bonds.

Again, it is the province of the Judge of the court which has recorded the judgment, to decide in the first instance, upon the presentation of a petition to that effect, whether a legal cause for the issuance of the writ of injunction exists, by reason of illegality in the execution of the judgment previously rendered and affirmed by this court. C. P. 617, 623, 629. The jurisdiction of the District Court, in virtue of those articles, over the subject matter, cannot be evaded, in the mode sought by the relator.

*Mandamus* refused, at costs of relator.